IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BARBARA J.K. DUARTE, | ) | CIVIL NO. 10-00372 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | DISMISS COMPLAINT, AND |
| | ) | GRANTING LEAVE TO AMEND |
| BANK OF AMERICA fka | ) | |
| COUNTRYWIDE HOME LOANS | ) | |
| INC.; and DOES 1 through 20 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT, AND GRANTING LEAVE TO AMEND

### I. INTRODUCTION

On July 2, 2010, Plaintiff Barbara J.K. Duarte ("Plaintiff") filed this action alleging claims against Defendant "Bank of America fka Countrywide Home Loans, Inc." ("Defendant") for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and various state law claims stemming from a mortgage transaction concerning real property located at 68 Keanani Drive, Hana, Hawaii, 96713 (the "subject property").

Defendant has moved to dismiss the Complaint, arguing that it fails to state a cognizable claim. Based on the following, the court GRANTS Defendant's

Motion to Dismiss.  Plaintiff is granted leave to file an Amended Complaint.

## II. <u>BACKGROUND</u>

### A.    **Factual Background**

As alleged in the Complaint, Plaintiff entered into a mortgage refinancing transaction on November 28, 2007 with Defendant regarding the subject property, which was Plaintiff's principal dwelling.  Compl. ¶¶ 13, 15-16.[1] The Complaint alleges that Defendant committed various wrongs during consummation of this loan, including, among other things: (1) entering "stated income" on the loan application that exceeded Plaintiff's actual income and/or approving the loan without verifying Plaintiff's income, *id.* ¶ 17; (2) failing to disclose to and inform Plaintiff "of the consequences of using unverified stated income to qualify" for the loan, *id.* ¶ 18; (3) "fail[ing] to make required disclosures so that [Plaintiff] could make fully informed decisions," *id.* ¶ 19; (4) when the loan documents were executed, giving Plaintiff documents to sign without explanation and with no time to read, *id.* ¶ 22; (5) giving unfinished loan documents to Plaintiff for signature, telling Plaintiff that Defendant "would fill them out later," *id.* ¶ 23;

---

[1]  Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of Defendant's Exhibit B, which is a public record, specifically, the subject mortgage.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).

and (6) providing Plaintiff copies of various Mortgage and Note documents that were not signed by Plaintiff. *Id.* ¶ 25.

As indicated in a related ejectment action previously in this court (*Federal National Mortgage Association v. Duarte*, Civ. No. 11-00112 JMS-KSC (D. Haw. Feb. 22, 2011)),[2] the subject property was apparently sold to the Federal National Mortgage Association in a non-judicial foreclosure proceeding on July 13, 2010, with a subsequent quitclaim deed recorded on August 26, 2010. *See* Def.'s Ex. D at 2 [Doc. No. 23-3]; Pl.'s Ex. A [Doc. No. 21-5].

## B.     Procedural Background

On July 2, 2010, Plaintiff filed her Complaint, alleging claims against Defendant entitled (1) Truth in Lending Act Violations: Loan Rescission and Recoupment (Count I); (2) Truth in Lending Act Violations: Loan Damages (Count II); (3) Real Estate Settlement Procedures Act "RESPA" Violations (Count III); (4) Unfair or Deceptive Act or Practices (Count IV); (5) Credit Repair Organizations Act ("CROA") Violations (Count V); (6) Fraud (Count VI); (7) Civil Conspiracy (Count VII); (8) Aiding and Abetting (Count VIII);

---

[2] By agreement of the parties to that suit, the ejectment action was remanded to state court on March 30, 2011, after Plaintiff (as Defendant in the ejectment action) filed a counterclaim/third-party claim that is nearly identical to Plaintiff's proposed Amended Complaint in this action. It is unclear whether that counterclaim/third-party claim has been served.

(9) Injunctive Relief - Lack of Standing (Count IX); (10) Improper Restrictions

Resulting from Securitization Leaves Note and Mortgage Unenforceable (Count

X); (11) Wrongful Conversion of Note -- Mortgagor Never Contested to

Securitization (Count XI); and (12) Fraudulent Concealment -- Tolling of Statute

(Count XII).

On November 29, 2010, Defendant filed its Motion to Dismiss, with a

hearing date of February 28, 2011.  On February 7, 2011, the court granted

Plaintiff an extension of time to file an Opposition because Plaintiff was retaining

new counsel.  On February 15, 2011, after Plaintiff's current counsel appeared in

the action, the court continued the hearing and required the parties to meet and

confer regarding the filing of an Amended Complaint (which would have mooted

the Motion to Dismiss).  The court set a hearing for April 11, 2011, if the parties

could not reach agreement on the filing of an Amended Complaint by March 7,

2011.  An agreement was not reached.[3]  On March 21, 2011, Plaintiff filed an

Opposition, which only contests some of the arguments in the Motion to Dismiss

and requests leave to file a proposed Amended Complaint.  On March 28, 2011,

Defendant filed its Reply.  After review of the record, the court finds the matter

---

[3] Plaintiff's counsel had apparently not contacted Defendant's counsel regarding an
amendment and belatedly and improperly sought an extension of the March 7, 2011 deadline.
*See* Doc. No. 18.

4

suitable under Local Rule 7.2(d) for decision without an oral hearing.

### III. <u>STANDARDS OF REVIEW</u>

### A.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

**B.      Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud."  *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

"[M]ere conclusory allegations of fraud are insufficient" to satisfy this requirement.  *Id.* (citation and quotation signals omitted).  However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a

motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005) (citation omitted).

## IV. <u>DISCUSSION</u>

Defendant seeks dismissal of all Counts of the Complaint for failure to state a claim upon which relief can be granted. In Opposition, Plaintiff withdraws Counts I-III, V, and XII. These are the federal claims alleging violations of TILA, RESPA, and the CROA. The remaining claims are state law claims alleging (1) violations of Hawaii Revised Statutes ("HRS") 480-2 for Unfair or Deceptive Act or Practices (Count IV); (2) Fraud (Count VI); (3) Civil Conspiracy (Count VII); (4) Aiding and Abetting (Count VIII); (5) "Injunctive Relief - Lack of Standing" (Count IX); (6) "Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable" (Count X); and (7) "Wrongful Conversion of Note - - Mortgagor Never Consented to Securitization" (Count XI).

Plaintiff's Opposition specifically contests dismissal only as to claims related to fraud -- Counts IV, VI, and IX -- and does not address Counts VII, VIII, X, and XI. It also seeks leave to file an attached proposed Amended Complaint. The court first addresses the remaining state law claims, and then addresses

Plaintiff's request for leave to file an Amended Complaint. As explained below, the court addressed many of the remaining claims in a recent Order in *Sarmiento v. Bank of New York Mellon*, 2011 WL 884457 (D. Haw. Mar. 10, 2011), regarding a similarly-worded complaint. Where appropriate, the court draws from *Sarmiento*.

## A.      Pleading Defects as to "Bank of America"

Initially, Defendant identifies a pleading defect as to its identification in the Complaint. The Complaint names "Bank of America fka Countrywide Home Loans, Inc." as the Defendant. Compl. at 1. Elsewhere it simply refers to "BOA" as Defendant. *Id.* at 3. "Bank of America" is a trade name, not a legal entity, and therefore cannot be sued. *Sarmiento*, 2011 WL 884457, at *3. Further, the court has previously found it confusing to name Bank of America as "formerly known as" Countrywide Home Loans, or plead that Countrywide is "now known as" Bank of America. *See Araki v. One West Bank FSB*, 2010 WL 5625969, at *3 (D. Haw. Sept. 8, 2010). Although Defendant does not seek dismissal because of this pleading defect, in any Amended Complaint Plaintiff should correctly name the corporate Defendant.

## B.      Count IV -- Unfair and Deceptive Trade Acts or Practices

Defendant argues, among other things, that Plaintiff has failed to adequately allege facts establishing the plausibility of a claim for unfair or

deceptive trade practices in violation of HRS Ch. 480.  The court agrees.

Count IV alleges that Defendant violated § 480-2 by:

A.      Targeting elderly and financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products.

B.      Failing to adequately disclose the true costs and risks of the subject loan and its inappropriateness for DUARTE.

C.      Making a finance loan that resulted in little net economic benefit to DUARTE with the primary objective of generating fees.

D.      Making the loan based on the value of the collateral, without regard to DUARTE's ability to repay the loan.

E.      Failing to provide DUARTE with a timely GFE[.]

F.      Attempting to deprive DUARTE of her legal right to cancel the loan.

Compl. ¶ 52.

Most of these allegations are the same as those made in the complaint in *Sarmiento*, 2011 WL 884457, at *3-4, in which this court dismissed the Chapter 480 claim for failure to state a claim.  As in *Sarmiento*, Plaintiff's allegations fail to state a plausible claim because they must be pled with particularity under Rule 9(b).

Where a Chapter 480 claim is based on fraudulent acts, a plaintiff

must plead with particularity.  *See Smallwood v. NCsoft Corp*., 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that HRS Ch. 480 claims that sound in fraud must be pled with particularity).  As pled, at least some of Plaintiff's allegations in support of her Chapter 480 claim sound in fraud -- she asserts Defendant's conduct is "immoral, unethical, oppressive, [and] unscrupulous," as well as "likely to mislead consumers acting reasonably under the circumstances."  Compl. ¶¶ 55-56.  Given these assertions, at least part of Plaintiff's claim must sound in fraud, but the actual allegations as to Defendant's conduct are so vague that the court cannot determine what acts Plaintiff alleges are fraudulent.  None of the allegations asserts "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how Defendant participated in the fraud.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48.  That is, Plaintiff's allegations appear to sound at least partly in fraud, yet fail to meet Rule 9(b)'s particularity requirement.

Indeed, in contending that Plaintiff has a claim for unfair or deceptive trade practices, the Opposition does not seriously argue that the facts as pled are sufficient.  Rather, it asserts a different theory (essentially that the mortgage was not effectively transferred to the current holder because of systemic defects

regarding the status and practice of Mortgage Electronic Registration Systems, Inc. ("MERS")). It refers to different (though potentially related) Defendants -- Bank of America, N.A., BAC Home Loans Servicing, LP, and MERS. Plaintiff seeks to assert this theory against these Defendants in her proposed Amended Complaint.

The claim for unfair or deceptive trade practices or acts, as pled, fails to state a claim. The court therefore GRANTS Defendant's Motion to Dismiss Count IV. The dismissal of this claim, however, is without prejudice. If Plaintiff chooses to amend this claim, Plaintiff must clearly explain the basis of this claim, and if based on fraud must meet the particularity requirements of Rule 9(b).

## C.    Fraud (Count VI)

Count VI of Plaintiff's Complaint regarding fraud alleges:

66.    Defendant BOA and/or DOE Defendants falsely represented the true costs and risks of the described loan and its inappropriateness for DUARTE.

67.    Said Defendants [sic] false statements represented the amount of DUARTE's income and source of income on the loan application it prepared.

68.    Said Defendants falsely represented the nature of the documents DUARTE was told to sign in connection with the loan.

69.    Said Defendants made the false representations described herein with knowledge of their falsity.

70.    Said Defendants made false representations in

contemplation of DUARTE's reliance upon them.

71.     DUARTE relied upon those false representations and suffered damage as a result of their (sic) reliance upon them.

72.     Said Defendants acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or its actions constituted willful misconduct or that entire want of care which raises the presumption of a conscious indifference to consequences to DUARTE.

Compl. ¶¶ 66-72.

As with Count IV for violations of Chapter 480, these allegations of fraud are nearly identical to the fraud claim in *Sarmiento*, in which this court dismissed the claim for lack of particularity.  *See Sarmiento*, 2011 WL 884457, at *4-5.

Likewise, the allegations here are insufficient to meet Plaintiff's burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to these claims.  *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  These allegations lack the basic elements of a fraud claim, and fail to assert "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud.  *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48.  Indeed, the Complaint leaves

completely unanswered precisely what actions Defendant took that can form the basis of a fraud claim. *See also Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989) (stating that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

As with Count IV, Plaintiff's Opposition does not seriously dispute that the fraud claim as pled is sufficient. She asserts a different theory of fraud (again, essentially that the mortgage was not effectively transferred to the current holder because of systemic defects regarding the status and practice of MERS) and refers to Bank of America, N.A., BAC Home Loans Servicing, LP, and MERS. She also apparently seeks to assert this theory in her proposed Amended Complaint.

As currently pled, however, Plaintiff fails to state a claim for fraud. The court therefore GRANTS Defendants' Motion to Dismiss as to Count VI. The dismissal, however, is with leave to amend.

## D.     Civil Conspiracy and Aiding and Abetting (Counts VII and VIII)

Although she has not withdrawn them, neither does Plaintiff argue that Counts VII and VIII actually state claims. In any event, as pled, they fail for the same reasons that the court dismissed these identical claims in *Sarmiento*.

Count VII alleges that "Defendant BOA and/or DOE Defendants

entered into an agreement to accomplish an unlawful purpose, or to accomplish some purpose not itself unlawful by lawful means, in connection with the described loan transaction," and "engaged in overt acts pursuant to and in furtherance of the described agreement, including but not limited to making the false representations set forth" in the claim for fraud. Compl. ¶¶ 75-77. Count VIII alleges that each Defendant "aided each other" in their wrongful conduct. *Id.* ¶ 83.

These Counts are dismissed because Hawaii does not recognize independent causes of action for "civil conspiracy" or "aiding and abetting" -- such theories of potential liability are derivative of other wrongs. *See, e.g.*, *Weinberg v. Mauch*, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995); *Chung v. McCabe Hamilton & Renny Co.*, 109 Haw. 520, 530, 128 P.3d 833, 843 (2006). Yet, as explained above, Plaintiff failed to state a cognizable claim for violation of Chapter 480 or for fraud. Further, given that these counts are premised on alleged fraud, Plaintiff must meet the heightened pleading requirements of Rule 9(b) in alleging a conspiracy. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (citation and internal quotations omitted)). Plaintiff has failed to do so.

The court therefore GRANTS Defendant's Motion to Dismiss Counts VII and VIII with leave to amend.

## E.    Count IX -- "Injunctive Relief -- Lack of Standing"

Count IX "seek[s] to restrain Defendants BOA and/or DOE Defendants from seeking a non-judicial sale upon the subject property during the pendency of this action."  Compl. ¶ 89.  It alleges that "Defendant BOA and/or DOE Defendants are not the real party in interest" -- apparently because they are not the owner and holder of the note -- and therefore "lack standing to institute or maintain a foreclosure."  *Id.* ¶¶ 90, 94.

Initially, the record reflects that a non-judicial sale occurred in July of 2010.  *See, e.g.*, Doc. Nos. 23-2 & -3.  The Count for injunctive relief as pled appears to be moot.  Even if not, however, the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action.  *See, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. Arco Midcon, L.L.C.*, --- F. Supp. 2d --- , 2010 WL 4513301, at *6 (E.D. Mo. Nov. 2, 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("[N]o independent cause of action for injunction exists."); *Motley v.*

*Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same).

Injunctive relief may be available if Plaintiff is entitled to such a remedy on an

independent cause of action.

Accordingly, the court DISMISSES Count IX without leave to amend.

If injunctive relief is proper, it will be because Plaintiff prevails -- or has met the

necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure

-- on an independent cause of action.

## F.      Count X -- "Improper Restrictions Resulting From Securitization Leaves Note and Mortgage Unenforceable"

Count X alleges that (1) the mortgage is a security agreement and may

not be modified by one party without written consent of the other; and

(2) Defendant unilaterally changed the terms of Plaintiff's mortgage when the

mortgage was placed under a servicing and pooling agreement, which restricts the

ability of parties to change the terms of the mortgage note.  Compl. ¶¶ 98-103.

Because Plaintiff did not consent to these changes, Count X asserts that the

mortgage and note are unenforceable.  *Id.* ¶ 104.

Again, as the court indicated in *Sarmiento*, the legal basis of this claim

is not clear.  As *Sarmiento* explained (and as this court also explained in *Velez v.

Bank of N.Y. Mellon*, 2011 WL 572523, at *3 (D. Haw. Feb. 15, 2011)), to the

extent Plaintiff is attempting to assert that the parties agreed that the mortgage

16

and/or note would not be securitized and Defendants breached this provision,

Plaintiffs have failed to allege even the basic elements of a breach of contract

claim, much less factual allegations to support this claim. *See Iqbal*, 129 S.Ct. at

1949 (stating that Rule 8 requires more than "the-defendant-unlawfully-

harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a

formulaic recitation of the elements of a cause of action will not do"). Further,

given that the mortgage expressly states that the mortgage note "can be sold one or

more times without prior notice to Borrower," Def.'s Ex. B at 9 ¶ 20 [Doc. No. 8-

4], it does not appear that securitization breached any particular provision of the

mortgage.

    Moreover, securitization in general does not give rise to a cause of

action -- Plaintiff points to no law or provision in the mortgage preventing this

practice, and otherwise cites to no law indicating that securitization can be the

basis of a cause of action. Indeed, other courts have likewise rejected that

securitization of a mortgage loan provides the mortgagor a cause of action. *See*

*Joyner v. Bank of Am. Home Loans*, 2010 WL 2953969, at *2 (D. Nev. July 26,

2010) (rejecting breach of contract claim based on securitization of loan); *Haskins*

*v. Moynihan,* 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010) (rejecting claims

based on securitization because Plaintiffs could point to no law indicating that

securitization of a mortgage is unlawful, and "Plaintiffs fail to set forth facts suggesting that Defendants ever indicated that they would not bundle or sell the note in conjunction with the sale of mortgage-backed securities"); *Lariviere v. Bank of N.Y. as Tr.*, 2010 WL 2399583, at *4 (D. Me. May 7, 2010) ("Many people in this country are dissatisfied and upset by [the securitization] process, but it does not mean that the Larivieres have stated legally cognizable claims against these defendants in their amended complaint."); *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (rejecting claims because they are based on an "erroneous legal theory that the securitization of a mortgage loan renders a note and corresponding security interest unenforceable and unsecured"); *Silvas v. GMAC Mortg., LLC*, 2009 WL 4573234, at *5 (D. Ariz. Dec. 1, 2009) (rejecting a claim that a lending institution breached a loan agreement by securitizing and cross-collateralizing a borrower's loan).

The court therefore GRANTS Defendant's Motion to Dismiss as to Count X. Because any amendment of this "securitization" claim would be futile, this dismissal is without leave to amend.[4]

---

[4] The court need not speculate whether these facts might possibly give rise to some other cognizable theory allowing for possible relief. A further claim, however, that securitization itself renders the mortgage or note unenforceable would be futile.

**G.    Count XI -- "Wrongful Conversion of Note -- Mortgagor Never Consented to Securitization"**

Finally, the court also agrees with Defendant that Count XI fails to state a claim.

Count XI asserts that Defendant needed Plaintiff's consent to securitize the mortgage and that its securitization "is a conversion of the Mortgage rendering it null, void and unenforceable." Compl. ¶ 107. According to the Complaint, securitization "divides those who are at a financial risk of loss (the investors or certificate holders) from a default upon the Mortgage from those who control and have decision-making authority over the Mortgage" such that "the original Note has been altered resulting in a change to the Mortgage" without consent. *Id.* ¶¶ 109-110. As a result, the Complaint asserts that the "Mortgage cannot be foreclosed upon as a separate interest in the property to be foreclosed apart from and independent of the Note." *Id.* ¶ 111.

As the court explained in *Sarmiento*, 2011 WL 884457, at *3-4, and *Velez*, 2011 WL 572523, at *4-5, the court is unable to discern the basis of the claim. Despite using the term "conversion," this claim, similar to Count X, appears to allege a breach of contract due to Defendant's modification of the mortgage through securitization. As explained above, however, Plaintiffs have failed to assert a breach of contract claim and have otherwise failed to explain how they can

assert a viable claim based on the securitization of the mortgage loan.  Further, securitization and/or transfer of the mortgage and note does not modify the terms of the agreement -- the mortgage expressly provides that it can be sold without notice, and the transferee simply obtained the same rights that the transferor had under the mortgage.  *See* HRS § 490:3-203(b) ("Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument . . . .").

Accordingly, Count XI is DISMISSED with prejudice.

## H.    Leave to Amend

Plaintiff, through current counsel, seeks to file an Amended Complaint (the original Complaint was drafted by prior counsel).  Plaintiff attaches a proposed Amended Complaint, which was drafted in response to the Motion to Dismiss.  *See* Doc. No. 21-6.  The proposed Amended Complaint would no longer assert TILA or RESPA claims, but would plead antitrust theories, as well as other state law claims (*e.g.*, unfair and deceptive trade practices, breach of fiduciary duty, slander of title).

In her Opposition, Plaintiff "request[ed] that Defendant's Motion be denied, and, if the Court finds that it is appropriate, Plaintiff requests leave to file an amended complaint to address any deficiencies."  Doc. No. 21 at 27.  It is thus

not clear whether Plaintiff seeks to file her proposed Amended Complaint as currently drafted -- it could not have been drafted in response to this Order -- or whether Plaintiff is seeking leave to amend to file a different version of an Amended Complaint to address deficiencies identified in this Order. The court will presume that any Amended Complaint would be similar to the proposed Amended Complaint.

On March 8, 2011 Plaintiff's counsel was specifically notified that, should Plaintiff seek to file an Amended Complaint, Plaintiff must comply with Federal Rule of Civil Procedure 15. *See* Doc. No. 18. In the Opposition, although Plaintiff seeks (at least in part) to file an Amended Complaint, counsel completely failed to address whether the proposed Amended Complaint satisfies the factors under Rule 15. Plaintiff's counsel appears not to have taken the court's direction seriously, and is cautioned that further disregard of specific requirements will not be countenanced.

Nevertheless, "Rule 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Indeed, "a district court should grant leave to amend even if no

request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).

A district court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). These factors also apply in determining whether to allow an amendment -- such as Plaintiff's proposed Amended Complaint -- that adds new parties and theories. *See id.* at 1387-88 (upholding denial of leave to amend where amendment (1) would have prejudiced defendant by adding different legal theories, requiring proof of different facts, (2) would have required defendant to relitigate a related state court action, and (3) was not sought until over a year after first notifying court of intention to file amended complaint); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (noting that "late amendments to assert new theories are not reviewed favorably when the

facts and the theory have been known to the party seeking amendment since the inception of the cause of action").

Applied here, the court cannot say -- without fully analyzing all the causes of action in the proposed Amended Complaint (which would be premature in the present context) -- that granting leave to amend would be futile.[5]  Although Plaintiff proposes to add new theories and parties to the action, Defendant would not likely be prejudiced at this relatively early stage of the litigation.  Plaintiff's counsel is new to the action, there have been no prior amendments, a Rule 16 scheduling order has not yet been entered, and no discovery has occurred in reliance on the prior Complaint.  *Compare Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *Jackson*, 902 F.2d at 1388 (upholding denial of amendment in light of unjustified delay in seeking amendment).

The court therefore grants Plaintiff leave to file an Amended

---

[5]  Defendant argues that judicial economy weighs against allowing an Amended Complaint because an identical pleading is apparently now pending in state court as a counterclaim/third-party complaint by Plaintiff (where she is a Defendant in the now-remanded ejectment action by the Federal National Mortgage Association against Plaintiff).  It is not clear, however, that Plaintiff is pursuing that counterclaim/third-party complaint in state court, and any arguments regarding matters such as abstention or duplication are premature.

Complaint similar to her proposed Amended Complaint. Plaintiff may also modify the proposed Amended Complaint to attempt to address deficiencies identified in this Order.

## V. **CONCLUSION**

Based on the above, the court GRANTS Defendant's Motion to Dismiss. Plaintiff may file an Amended Complaint, consistent with this Order, by April 25, 2011.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 11, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Duarte v. Bank of Am. fka Countrywide Home Loans, et al.*, Civ. No. 10-00372 JMS/BMK, Order Granting Defendant's Motion to Dismiss Complaint, and Granting Leave to Amend